Argued before EHRLICH, C. J., and FITZSIMONS and NEW-BURGER, JJ.

A. H. Berrick, for appellant.

S. J. Frankenstein, for respondent.

EHRLICH, C. J. The action is on three promissory notes made by Julia Raduziner to the order of the plaintiff, and indorsed by the defendant, Adolph Raduziner, the husband of the maker. The action is ostensibly against the said Julia Raduziner and Adolph Raduziner. The latter alone defended. The complaint alleges, and on the trial the plaintiff proved, that the notes were given for goods sold to Julia Raduziner, and that the plaintiff refused to deliver up the property until Adolph Raduziner, her husband, indorsed the obligations. Thus it was clearly made to appear that the purpose of the indorsement was to give credit to the maker, and that the plaintiff, although nominally the payee in the notes, was in fact and in law a second indorser; Adolph Raduziner becoming the first indorser, primarily liable thereon. The fact that the plaintiff may have transferred the notes to another is of no consequence, for they were returned to him before suit was brought, and his former title reinstated. It was not necessary to the cause of action to allege such retransfer, because the transaction was in legal effect the same as if no transfer had ever been made by the plaintiff. The judgment is right, and must be affirmed, with costs.

---

(10 Misc. Rep. 35.)

## TUCKER v. PENNSYLVANIA R. CO.

(City Court of New York, General Term. October 23, 1894.)

CARRIERS—NEGLIGENCE—FREEZING OF GOODS.

A carrier cannot relieve itself from liability for negligence in placing fruit in a common box car for transportation, when the temperature was below freezing, by the mere fact that its shipping clerk, when the shipping receipt was presented for signature, struck out the words "refrigerator car," stamped on its face, and wrote "not to be loaded in a refrigerator car," and then signed the receipt.

Appeal from trial term.

Action by Robert A. Tucker against the Pennsylvania Railroad Company. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEW-BURGER, JJ.

Robinson, Bright, Biddle & Ward, for appellant.

Charles Caldwell, for respondent.

NEWBURGER, J. On the 2d day of December, 1890, the plaintiff's drayman delivered 40 boxes of lemons to the defendant's receiving clerk, to be transported to Milwaukee, and tendered a shipping receipt already filled out for signature. The plaintiff had

stamped on the face of the shipping receipt the words "Refrigerator car." The defendant's receiving clerk canceled the words "Refrigerator car," and stamped on the face of the receipt the words, "Not to be loaded in refrigerator car," and signed it. The lemons were put in the ordinary box cars, and thereby became frosted, frozen, and greatly deteriorated in value. On the date of shipment the testimony showed the weather was very cold, the temperature ranging from 28 to 19 deg. The plaintiff and a number of fruit dealers testified that it would not be safe or prudent to load or transport in a box car lemons, when the temperature was below freezing point, for transportation from New York to Pittsburgh. The trial justice submitted the question of negligence to the jury, who returned a verdict for the plaintiff; and upon the judgment entered upon such verdict, and the order denying the defendant's motion for a new trial, this appeal is taken.

The trial justice properly submitted the question of the defendant's negligence to the jury to determine. The mere fact that the shipping clerk had erased the words "Refrigerator car" did not operate to exempt the defendant from liability for loss occasioned by its own negligence. The defendant was bound to exercise ordinary care in the shipment and transportation of the fruit. The testimony clearly showed that the defendant was guilty of negligence in shipping the fruit in the manner it did, and as this is the only question raised on the appeal the judgment must be affirmed, with costs. All concur.